**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 25-4555**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MATTHEW DAVID VIANDS,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:24-cr-00003-GMG-RWT-80)

—————————

Submitted:  July 16, 2026                                  Decided:  July 20, 2026

—————————

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Eric D. Placke, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew David Viands pleaded guilty, pursuant to a plea agreement, to aiding and abetting possession with intent to distribute a fentanyl mixture, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), 18 U.S.C. § 2, and failure to appear after pretrial release, in violation of 18 U.S.C. § 3146(a)(1). The district court sentenced Viands to 84 months' imprisonment followed by three years of supervised release. On appeal, Viands's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether Viands's guilty plea is valid. Although informed of his right to file a pro se supplemental brief, Viands has not done so. The Government has declined to file a response brief or to move to enforce the appeal waiver contained in Viands's plea agreement. We affirm.

We review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, the applicable maximum and mandatory minimum penalties he faces, and, if applicable, the terms of any plea agreement waiving the right to appeal. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is

2

a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the magistrate judge[*] conducted a thorough and complete Rule 11 hearing and properly concluded that Viands's plea was knowing, voluntary, and supported by an adequate factual basis. We therefore find Viands's plea is valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Viands, in writing, of the right to petition the Supreme Court of the United States for further review. If Viands requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Viands.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Viands consented to proceed before the magistrate judge for purposes of the Rule 11 hearing.

3